```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HOWARD T. FARRELL III a/k/a TOMMY
FARRELL,

                              Plaintiff,            REPORT AND
                                                    RECOMMENDATION
           -against-                                CV 20-0450 (JMA)(AYS)

SMITHTOWN UNION FREE SCHOOL
DISTRICT,

                              Defendant.
-----------------------------------------------------------------X
```

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Before the Court, on referral from the Honorable Joan M. Azrack, is Defendant's motion to dismiss Plaintiff's Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the grounds that the Amended Complaint fails to state a federal claim upon which relief may be granted and that the Court lacks subject matter jurisdiction over Plaintiff's state law claims. For the following reasons, this Court respectfully recommends that Defendant's motion be granted and that Plaintiff's Amended Complaint be dismissed in its entirety.

BACKGROUND

Plaintiff, Howard T. Farrell III, also known as Tommy Farrell ("Plaintiff" or "Farrell"), is an individual with mental disabilities that cause significant limitations to his general comprehension, including, inter alia, a total inability to read and write. (Am. Compl., Docket Entry ("DE") [18], ¶ 1.) Plaintiff also suffers from physical disabilities that limit his mobility. (Id.)

Since childhood, Plaintiff has experienced significant neurological problems, requiring special education along with medical and psychological treatment and counseling, as well as the services of a social worker to facilitate his day to day living challenges. (Id. ¶ 14.) These

1

neurological impairments limit Plaintiff's ability to read and write or to comprehend or analyze more than an extremely limited amount of simple information. (Id. ¶ 15.)

Despite his disabilities, Plaintiff was employed as a custodian by Defendant, Smithtown Union Free School District ("Defendant" or the "District"), for more than twenty years. Prior to his termination in 2017, Plaintiff suffered a work-related physical injury for which he filed a worker's compensation claim with the New York State Worker's Compensation Board. (Id. ¶ 17.) Throughout his employment, Plaintiff's performance was always rated at least "satisfactory" by Defendants, if not commendable. (Id. ¶ 21.) Plaintiff alleges, however, that as a result of his mental disabilities, Defendant discriminated against him with respect to: (1) his scheduling requests and/or the taking of medical leave; (2) the scheduling of his employment hours; (3) the assignment of his job responsibilities; (4) his seeking work-related promotions; and, (5) the consideration and rejection of his application for disability retirement benefits by the New York State and Local Retirement System. (Id.)

Specifically, Plaintiff alleges that throughout his employment, Defendant utilized Plaintiff's mental disability as a means to attempt to force him to resign his custodial position and ultimately to terminate him. (Id. ¶ 22.) For example, Plaintiff made repeated verbal requests – either himself or through his union representative or family members – to accommodate his disabilities by scheduling him to work daytime hours. (Id. ¶ 24.)  In alleged response, Defendant would change Plaintiff's hours to day shifts and then switch him back to night shifts shortly thereafter, notwithstanding the documentation provided by Plaintiff and concerns expressed by his social worker and family members as to his disabilities affecting his ability to work at differing hours. (Id. ¶¶ 25-26.)  Plaintiff alleges that this treatment continued throughout his employment. (Id. ¶ 25.)

In 2015, Plaintiff suffered a work-related injury that resulted in his becoming physically disabled and having to take a leave of absence from work. (Id. ¶ 27.) Plaintiff alleges that, despite being aware that he could not read, the District repeatedly sent him only written correspondence advising him of his rights and imposing on him obligations to serve written requests, knowing that he cannot write. (Id. ¶ 28.) Such correspondence took place in February, March and December of 2016. Specifically: (1) in February 2016, Plaintiff was advised that he would be charged vacation time for his absence for the month of February 2016, (Kleinberg Decl., dated Mar. 15, 2021, Ex. D, DE [25-4]); (2) in March 2016, Plaintiff was advised that the District would be commencing his one-year leave of absence for his work-related injury and that he would be terminated as of February 7, 2017, (Kleinberg Decl., Ex. B, DE [25-1]); and, (3) in December 2016, Plaintiff was advised that the District would seek to terminate him at the next Board of Education meeting on January 24, 2017 due to his absence from work for more than one year, in accordance with Section 71 of the New York Civil Service Law, (Kleinberg Decl., Ex. C, DE [25-2]). The District terminated Plaintiff's employment on January 24, 2017. (Id.) [1]

Plaintiff alleges that between 2017 and 2019, the District verbally led him to believe that he had to wait until after the conclusion of his worker's compensation claim (for the physical disability sustained during his employment) before he could exercise his rights to claims for either wrongful termination, discrimination based on mental disability, or to collect his disability retirement benefits. (Am. Compl. ¶¶ 20, 31.) According to Plaintiff, the District did so while

---

[1] While these letters are not attached as exhibits to the Amended Complaint, but are instead before the Court through the declaration of Defendant's counsel in support of the within motion, the Court may nonetheless consider them as "exhibits incorporated by reference" into the Amended Complaint since they are specifically listed in Paragraph 28 therein. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).

simultaneously sending conflicting written correspondence directly contradicting what was being communicated to Plaintiff verbally. (Id. ¶ 32.)

On March 25, 2019, Plaintiff filed his New York State Article 15 disability retirement application, which was within ninety days of the conclusion of his worker's compensation action. (Am. Compl. ¶ 20.) On or about July 19, 2019, Plaintiff received correspondence from the New York State and Local Retirement System denying his application for retirement benefits as untimely. (Id.; Kleinberg Decl., Ex. E, DE [25-5].)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in September 2019. (Am Compl. ¶ 8.) Plaintiff commenced the within action on January 27, 2020. (DE [1].) On November 30, 2020, the EEOC issued Plaintiff a right to sue letter. (Am. Compl. ¶ 8; DE [17].) Plaintiff thereafter amended his Complaint, with leave of the Court, on December 29, 2020.

Plaintiff's Amended Complaint contains the following causes of action: (1) disability discrimination, in violation of the Americans with Disabilities Act, 28 U.S.C. §§ 12101 et seq.; (2) intentional infliction of discrimination, in violation of 42 U.S.C. § 1981; (3) promissory estoppel, pursuant to New York State law; (4) disability discrimination, in violation of the New York Human Rights Law, N.Y. Exec. Law § 296; and, (5) prima facie tort, pursuant to New York State law. The Amended Complaint requests both compensatory and punitive damages.

On December 30, 2020, Defendant requested a pre-motion conference in anticipation of moving to dismiss the Amended Complaint. (DE [19].) In his letter filed in opposition to Defendant's request, Plaintiff advised the Court that he was voluntarily withdrawing his Section 1981 discrimination claim, as well as any claim for punitive damages. (DE [21].) Defendant was granted leave to file its motion and the within motion to dismiss was docketed on April 20, 2021.

Judge Azrack referred the motion to this Court for a report and recommendation on October 22, 2021. The Court now turns to the merits of the motion.

## DISCUSSION

I.  Legal Standards

A district court should dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) where the court "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). When reviewing a motion to dismiss for lack of jurisdiction, "the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[].'" Tiraco v. N.Y. State Bd. of Elections, 963 F. Supp. 2d 184, 191 (S.D.N.Y. 2013) (quoting J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F F.3d 107, 110 (2d Cir. 2004)) (alteration in original). The Court may also "consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question." Ighile v. Kingsboro ATC, No. 16-CV-4294, 2018 WL 1970737, at *2 (E.D.N.Y. Apr. 25, 2018) (citing cases).

Conversely, when considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court is required to accept all factual allegations in the Complaint as true and to draw all reasonable inferences in the plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012). "To survive a motion to dismiss [pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

at 678 (citing Twombly, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II.     The State Law Claims Should be Dismissed for Lack of Jurisdiction

Defendant seeks dismissal of Plaintiff's state law claims – for disability discrimination under the NYSHRL and for prima facie tort – on the ground that the Court lacks subject matter jurisdiction over such claims since Plaintiff failed to file a notice of claim against the District, as required by Section 3813 of the New York Education Law. (Def. Memo of Law 17-18.)  In addition, Defendant asserts that Plaintiff's NYSHRL claim is time-barred. (Id. at 18.) The Court agrees with Defendant.

"[I]n federal court, state notice-of-claim statutes apply to state-law claims." Hardy v. New York City Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999) (citing Felder v. Casey, 487 U.S. 131, 151 (1988)) (emphasis omitted). Section 3818(1) of the New York Education Law provides that "[n]o action or special proceeding, for any cause whatsoever," may be brought against "any school district, board of education, . . . or any officer of a school district [or] board of education," unless "it shall appear and as an allegation in the complaint . . . that a written

6

verified claim upon which such action or special proceeding is founded was presented to the governing body of said school district . . . within three months after the accrual of such claim . . . ." N.Y. Educ. Law § 3813(1). "This requirement applies to claims brought under the NYSHRL." Santana v. Mount Vernon City Sch. Dist./Bd. of Educ., No. 20-cv-3212, 2021 WL 4523770, at *14 (S.D.N.Y. Sept. 30, 2021) (citation omitted).

It is well-settled that notice of claim requirements are "construed strictly," Hardy, 164 F.3d at 793 (citation omitted), such that "failure to abide by their terms mandates dismissal of the [claim]." Santana, 2021 WL 4523770, at *14 (citing Smith v. N.Y.C. Dep't of Educ., 808 F. Supp. 2d 569, 578 (S.D.N.Y. 2011)). "New York law requires that a plaintiff plead and prove compliance with Education Law § 3813's notice of claim . . . requirement[]." Edwards v. Jericho Union Free Sch. Dist., 904 F. Supp. 2d 294, 302 (E.D.N.Y. 2012) (citation omitted). Where a plaintiff fails to file a notice of claim prior to brining suit against a school district, "federal district courts in this circuit have held that subject matter jurisdiction is lacking." Shums v. New York City Dep't of Educ., No. 04-CV-4589, 2006 WL 843471, at *7 (E.D.N.Y. Mar. 31, 2006) (citing cases).

Here, Plaintiff's Amended Complaint lacks any allegation that he served the District with a notice of claim for his state law claims prior to bringing suit. Nor does Plaintiff offer any opposition to Defendant's motion to dismiss on this ground, other than to cite to general case law on tolling and estoppel. It is black-letter law that state law claims may not be brought against a school district without first filing a notice of claim. See N.Y. Educ. Law § 3813(1). Having

7

failed to satisfy this prerequisite, the Court lacks subject matter jurisdiction over Plaintiff's NYSHRL claim and his prima facie tort claim. Accordingly, both claims should be dismissed.[2]

III.   Plaintiff's Federal Claims Should be Dismissed on the Merits

Defendant seeks to dismiss Plaintiff's ADA and promissory estoppel claims for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). With respect to Plaintiff's ADA claims, Defendant argues that they are time-barred and that, even if not time-barred, Plaintiff fails to state a prima facie case of disability discrimination or failure to accommodate. (Def. Memo of Law 11-15.) As to Plaintiff's promissory estoppel claim, Defendant asserts that New York law does not apply promissory estoppel in the employment context. (Id. at 21-22.)

   A.   Plaintiff's ADA Claims are Time-Barred

"Before bringing a claim under the ADA, a plaintiff is required to file a timely EEOC charge." Stalter v. Board of Co-Op. Educ. Servs. of Rockland Cty., 235 F. Supp. 2d 323, 332 (S.D.N.Y. 2002) (citing Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999)). Under New York law, "a plaintiff has 300 days from an allegedly discriminatory event to file a charge with the EEOC." Stalter, 235 F. Supp. 2d at 332 (citing Harris, 186 F.3d at 247) (additional citation omitted). "When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred." Butts v. City of New York Dep't of Housing Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993).

---

[2] Because this Court finds that there is no subject matter jurisdiction over Plaintiff's state law claims, it need not reach Defendant's alternative argument that the NYSHRL claim is time-barred.

8

Plaintiff filed his EEOC charge in September 2019 – more than two years after he was terminated by the District on January 24, 2017. Accordingly, Plaintiff's ADA claims are time-barred because he did not file an EEOC charge within 300 days of his termination.

Moreover, claims brought pursuant to the ADA are subject to a three-year statute of limitations. See Fox v. State Univ. of New York, 686 F. Supp. 2d 225, 232 (E.D.N.Y. 2010) (citing cases). Plaintiff commenced the within action on January 27, 2020. Accordingly, any violations that occurred prior to January 27, 2017 are time-barred. Since Plaintiff was terminated on January 24, 2017, any and all alleged discriminatory acts by the District are time-barred since they occurred more than three years prior to the commencement of this action. As such, Plaintiff's ADA claims should be dismissed as untimely.

Plaintiff, however, argues that several tolling doctrines should be applied to salvage his untimely claims – namely, equitable estoppel, equitable tolling, and the continuing violation doctrine. (Pl. Mem. of Law 10-14.) This Court finds that none of the foregoing doctrines apply herein.

       1.      Equitable Estoppel

"The doctrine of equitable estoppel applies where it would be unjust to allow a defendant to assert a statute of limitations defense." Geiss v. The Weinstein Company Holdings LLC, 383 F. Supp. 3d 156, 172 (S.D.N.Y. 2019) (quoting Zumpano v. Quinn, 6 N.Y.3d 666, 673 (2006)). In order for equitable estoppel to apply, Plaintiff must establish that "subsequent and specific actions by defendants somehow kept [him] from timely brining suit." Geiss, 393 F. Supp. 3d at 172 (quoting Zumpano, 6 N.Y.3d at 674). "Such actions must entail 'affirmative steps to prevent a plaintiff from bringing a claim.'" Geiss, 383 F. Supp. 3d at 172 (quoting Zumpano, 6 N.Y.3d at 674).

9

Under New York law, equitable estoppel is considered an "'extraordinary remedy' that should be 'invoked sparingly and only under exceptional circumstances.'" Geiss, 383 F. Supp. 3d at 172 (quoting Twersky v. Yeshiva Univ., 993 F. Supp. 2d 429, 442 (S.D.N.Y. 2014), aff'd, 579 F. App'x 7 (2d Cir. 2014)). The doctrine of equitable estoppel is applied narrowly "because if applied too liberally it threatens to undermine the purpose of statutes of limitations of allowing potential defendants predictability and ultimate repose." Veltri v. Building Servs. 32B-J Pension Fund, 393 F.3d 318, 326 (2d Cir. 2004).

As set forth above, equitable estoppel requires the demonstration of specific acts by the District that kept Plaintiff from timely commencing this action. Plaintiff fails to meet this burden. While Plaintiff's memorandum of law in opposition sets forth a plethora of case law on the topic of equitable estoppel, he fails to actually apply the law to the facts of this case, or otherwise explain why the District should be equitably estopped from asserting a statute of limitations defense here. Moreover, the Complaint fails to demonstrate how the District took any action to prevent Plaintiff from timely commencing litigation. While the Complaint vaguely references conversations that took place sometime between 2017 and 2019, it does not set forth who Plaintiff spoke to, what they allegedly did, or when such actions took place. Nor does the Complaint adequately allege specific actions by the District that prevented Plaintiff from timely filing his Complaint. While Plaintiff is not required to plead with the particularity required by Rule 9 of the Federal Rules of Civil Procedure, he is required to plead plausibly in support of his position. He has not fulfilled this requirement.

Accordingly, the facts before the Court do not warrant the application of the extraordinary remedy of equitable estoppel.

      2.      <u>Equitable Tolling</u>

Similar to equitable estoppel is the doctrine of equitable tolling, whereby a plaintiff's filing period is deferred "until the time that the employee should have discovered the act[']s discriminatory nature." <u>Stalter</u>, 235 F. Supp. 2d at 333 (citing <u>Dillman v. Combustion Eng'g, Inc.</u>, 784 F.2d 57, 59 (2d Cir. 1986)). For equitable tolling to apply, Plaintiff must demonstrate that: "(1) an employer's actively misleading conduct is responsible for the employee's unawareness of his cause of action; or (2) extraordinary circumstances have prevented the employee from exercising his rights." <u>Stalter</u>, 235 F. Supp. 2d at 333 (citing <u>Miller v. Int'l Tel. and Tel. Corp.</u>, 755 F.2d 20, 24 (2d Cir. 1985)).

As with equitable estoppel, the Second Circuit has held that it should be applied "only in the rare and exceptional circumstance." <u>Bertin v. United States</u>, 478 F.3d 489, 494 n.3 (2d Cir. 2007) (quoting <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000)) (per curiam). "Generally, to merit equitable relief, a plaintiff must have acted with reasonable diligence during the time period []he seeks to have tolled." <u>Bertin</u>, 478 F.3d at 494 n.3 (quoting <u>Chapman v. ChoiceCare Long Island Term Disability Plan</u>, 288 F.3d 506, 512 (2d Cir. 2002)); <u>see also</u> <u>Stalter</u>, 235 F. Supp. 2d at 333 ("A plaintiff seeking to invoke [the equitable tolling] doctrine is . . . required to demonstrate that his ignorance is not attributable to a lack of diligence on his part.") (alteration in original).

Plaintiff's equitable tolling argument fails for the same reasons set forth above in connection with this equitable estoppel argument – namely, that the Complaint lacks any allegations as to how the District actively misled Plaintiff or otherwise prevented him from timely commencing this action. Moreover, the Complaint fails to allege how Plaintiff was diligently pursuing his rights during the time period he seeks to have tolled. Rather, it appears

11

from the Complaint, and the documents incorporated by reference, that Plaintiff took no action to pursue any rights until more than two years after he was terminated by the District. Accordingly, this Court finds that equitable tolling does not apply to Plaintiff's ADA claims.

### 3. Continuing Violation Doctrine

Plaintiff's final argument for deeming his claims timely is that the Court should apply the continuing violation doctrine. Under the continuing violation doctrine, "if a plaintiff has experienced a 'continuous practice and policy of discrimination, . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001) (quoting Gomes v. Avco Corp., 964 F.2d 1330, 1333 (2d Cir. 1992)). A continuing violation may be found "where specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice." Fitzgerald, 251 F.3d at 259 (quoting Cornwall v. Robinson, 23 F.3d 694, 704 (2d Cir. 1994)). Where a continuing violation is demonstrated, the plaintiff "is entitled to have a court consider all relevant actions allegedly taken pursuant to the employer's discriminatory policy or practice, including those that would otherwise be time barred." Fitzgerald, 251 F.3d at 359 (citing cases).

As a general matter, however, "the continuing violation doctrine is heavily disfavored in the Second Circuit and courts have been loath to apply it absent a showing of compelling circumstances." Kubicek v. Westchester County, No. 08-CV-372, 2009 WL 3720155, at *6 (S.D.N.Y. Oct. 8. 2009) (quoting Trinidad v. N.Y. City Dep't of Corr., 423 F. Supp. 2d 151, 165 n.11 (S.D.N.Y. 2006)); Bernstein v. Mony Group, Inc., 228 F. Supp. 2d 415, 418 (S.D.N.Y. 2002) ("As a general rule, courts in the Second Circuit have viewed continuing violation arguments with disfavor."). Moreover, "discrete discriminatory acts are not actionable if time-

barred, even where they are related to acts alleged in timely filed charges." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); see also Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996) ("[D]iscrete incidents of discrimination that are not the result of a discriminatory policy or practice will not ordinarily amount to a continuing violation."). Rather, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." Morgan, 536 U.S. at 113. Such acts include "termination, failure to promote, denial of transfer, or refusal to hire" and constitute "separate actionable unlawful employment practice[s]." Id. at 114 (internal quotation marks omitted).

Here, Plaintiff vaguely alleges that he was discriminated against when requesting scheduling and/or taking medical leave, in the scheduling of his hours, in the assignment of his job responsibilities, when seeking promotions, when he was terminated, and in the consideration and rejection of his disability retirement benefits by the New York State and Local Retirement System. (Am. Compl. ¶ 21.) With the exception of the rejection of his disability retirement benefits – which were denied by New York State and not the District – all such acts had to have occurred prior to his termination on January 24, 2017 and, for the reasons set forth above, are time-barred in that they all occurred more than three years prior to the filing of the Complaint herein. Accordingly, even if not disfavored, the continuing violation doctrine would not apply herein because all of the allegedly discriminatory acts complained of occurred prior to Plaintiff's termination. There are simply no allegations of discriminatory conduct after his termination that the continuing violation doctrine could render timely.

Based on the foregoing, it is respectfully recommended that Defendant's motion to dismiss be granted and that Plaintiff's ADA claims be dismissed as untimely.[3]

IV.     The Court Should Decline to Exercise Supplemental Jurisdiction

Having found that Plaintiff's federal claims fails as a matter of law, there is no longer any independent basis for federal jurisdiction in the within action. Although the Court has discretion to exercise supplemental jurisdiction over Plaintiff's remining state law claim for promissory estoppel, see 28 U.S.C. § 1367(a), this Court recommends that the District Court decline to do so. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

V.      Leave to Replead

While Plaintiff has not sought leave to replead his claims, the Court finds that, in any event, the right to replead should be denied. Although "it is the usual practice upon granting a motion to dismiss to allow leave to replead," Cruz v. TD Bank, N.A., 742 F.3d 520, 523 (2d Cir. 2013), doing so here would be futile as Plaintiff's federal claims are time-barred. No amount of repleading will alter that outcome. Moreover, without federal jurisdiction, the Court is under no requirement to preside over Plaintiff's state law claims. As such, allowing repleading of Plaintiff's state law claims would similarly be futile. Accordingly, this Court respectfully recommends that Plaintiff's Amended Complaint be dismissed without leave to replead.

---

[3] Because the Court finds that Plaintiff's ADA claims are time-barred, there is no reason to reach the merits of such claims.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendant's motion to dismiss be granted and that Plaintiff's Amended Complaint be dismissed in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED:**

Dated: Central Islip, New York
       January 12, 2022                                         /s/      Anne. Y. Shields
                                                                ANNE Y. SHIELDS
                                                                United States Magistrate Judge

15