UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HOWARD T. FARRELL III a/k/a TOMMY FARRELL,

                       Plaintiff,

           -against-

SMITHTOWN UNION FREE SCHOOL DISTRICT,

                       Defendant.
-------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
20-CV-0450 (JMA) (AYS)

FILED
CLERK
1:09 pm, Feb 11, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff Howard T. Farrell III, also known as Tommy Farrell ("Plaintiff") commenced this action against the Smithtown Union Free School District ("Defendant") and filed an amended complaint on December 29, 2020. (Amended Complaint, ECF No. 18.) Plaintiff, who was employed as a custodian by Defendant, alleges: (1) disability discrimination, in violation of the Americans with Disabilities Act, 28 U.S.C. §§ 12101 et seq.; (2) "intentional infliction of discrimination," in violation of 42 U.S.C. § 1981; (3) promissory estoppel, pursuant to New York State law; (4) disability discrimination, in violation of the New York Human Rights Law, N.Y. Exec. Law § 296; and (5) prima facie tort, pursuant to New York State law. (Id.) Defendant filed a motion to dismiss Plaintiff's Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the grounds that the Amended Complaint fails to state a federal claim upon which relief may be granted and that the Court lacks subject matter jurisdiction over Plaintiff's state law claims. (ECF No. 24.)

On October 22, 2021, the Court referred the motion to dismiss to Magistrate Judge Anne Y. Shields for a Report and Recommendation ("R&R"). (Electronic Order, 10/22/2021.) Judge Shields issued an R&R dated January 12, 2022, which recommends that Defendant's motion to

dismiss be granted and Plaintiff's Amended Complaint be dismissed in its entirety. (ECF No. 29.) Judge Shields also recommended denying Plaintiff leave to replead.

Plaintiff filed a timely objection to the R&R, to which Defendant filed a response in opposition, and Plaintiff filed a reply. (ECF Nos. 30, 31, 32.) After conducting a review of the full record (including the motion papers, R&R, and objections,) and applicable law, the Court adopts Judge Shields's R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Judge Shields's R&R to which there are no specific objections. Applying clear error review, the Court adopts all aspects of the R&R as to which there are no specific objections.

I next address the portions of the R&R to which Plaintiff has objected. For Plaintiff's objections, I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. For the reasons stated below, the Court denies those objections and adopts the R&R.

Plaintiff objects only to the portion of the R&R that recommended dismissal of Plaintiff's ADA claim concerning the loss of his pension benefits. (ECF No. 30 at 5-8.)

In his Amended Complaint, Plaintiff alleges that between 2017 and 2019, Defendant verbally led him to believe that he had to wait until after the conclusion of his worker's compensation claim (for the physical disability sustained during his employment) before he could exercise his rights to claims for either wrongful termination, discrimination based on mental disability, or to collect his disability retirement benefits. (Am. Compl. ¶¶ 20, 31.)

Plaintiff argues for the first time in his objection that these allegations regarding his pension benefits constitute a separate and discrete ADA claim. Plaintiff argues that this discrete claim is not time-barred and that he has stated a cause of action sufficient to survive a motion to dismiss. (Id.) "In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Illis v. Artus, No. 06-CV-3077, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009). The Court denies Plaintiff's objection because Plaintiff did not raise this argument in his opposition papers before Judge Shields. Moreover, even if the Court were to consider Plaintiff's new argument, the Court would deny Plaintiff's objection on the merits. First, Plaintiff's barebones allegations regarding the denial of his pension benefits are insufficient to state a claim. Plaintiff's Amended Complaint merely alleges that for a period of approximately two years (between 2017 and 2019), "[Plaintiff] had been advised verbally by defendant and its servants, agents, that he was only permitted to file for his disability retirement benefits within ninety (90) days after the conclusion of his workers' compensation case." (Am. Compl. ¶¶ 20, 31.) That is insufficient to allege a plausible claim. Second, as Judge Shields explained, New York State, not Defendant, denied Plaintiff's pension benefits. (R&R at 13.) To state a claim for discrimination under the ADA, a plaintiff must allege, inter alia, facts which plausibly suggest that he suffered an adverse employment action because of his disability.

3

Giambattista v. Am. Airlines, Inc., 584 Fed. App'x 23, 25 (2d Cir. 2014). "An 'adverse employment action' for the purpose of a discrimination claim pursuant to the ADA is a 'materially adverse change' in the terms and conditions of employment." Giambattista v. Am. Airlines, Inc., 5 F. Supp. 3d 284, 292 (E.D.N.Y.), aff'd, 584 F. App'x 23 (2d Cir. 2014) (quoting Sanders v. New York City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004)). Defendant, however, did not take an adverse employment action against Plaintiff. Even accepting Plaintiff's factual allegations, Defendant's alleged misrepresentations concerning the application process for disability pension benefits does not constitute an adverse action. New York State, which is not a defendant, is the entity that denied Plaintiff's pension benefits.

Based on the foregoing, the Court adopts Judge Shields's R&R in its entirety as the opinion of this Court. Accordingly, Defendant's motion to dismiss is **GRANTED** and Plaintiff's Amended Complaint is dismissed in its entirety.

Finally, the Court denies Plaintiff's request to amend his complaint for a second time "to allege only his pension claim" and/or conduct "limited discovery of documents from defendant as to the dates, times, places and contents of verbal conversations between the Defendant and its servants, agents, and employees, with the Plaintiff." (Pl. Objections at 11.) First, Plaintiff was already granted leave to amend the complaint once (ECF No. 18; Electronic Order, December 2, 2020) and Plaintiff does give any indication what additional allegations he would add to the Amended Complaint to bolster his claim regarding pension benefits. The Court agrees with Judge Shields that allowing leave to replead would be futile. (R&R at 14.) Second, Plaintiff requests, for the first time, to conduct limited discovery. However, a "pleading that does nothing more than recite bare legal conclusions [] is insufficient to 'unlock the doors of discovery.'" N. Am. Olive Oil Ass'n v. D'Avolio Inc., 457 F. Supp. 3d 207, 219 (E.D.N.Y. 2020) (quoting Ashcroft v. Iqbal,

4

556 U.S. 662, 678 (2009)).  For these reasons, Plaintiff's request to amend and/or conduct discovery is denied.

In conclusion, the Court:  (1) dismisses Plaintiff's ADA claim for failure to state a claim; (2) dismisses Plaintiff's NYSHRL and prima facie tort claims for failure to comply with New York's notice of claim requirement; (3) declines to exercise supplemental jurisdiction over Plaintiff's state law promissory estoppel claim; and (4) denies Plaintiff leave to replead or conduct discovery.  The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: February 11, 2022
       Central Islip, New York

                                                       /s/  (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE